UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

_____

|                          |   |                          |
|--------------------------|---|--------------------------|
| KENNETH WARD,            | : | CASE NO. 1:18-cr-00414   |
|                          | : |                          |
| Defendant-Petitioner,    | : | OPINION & ORDER          |
|                          | : | [Resolving Doc. 24]      |
| v.                       | : |                          |
|                          | : |                          |
| UNITED STATES OF AMERICA,| : |                          |
|                          | : |                          |
| Plaintiff-Respondent.    | : |                          |

_____

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant-Petitioner Kenneth Ward pleaded guilty to nine counts of distribution and possession with intent to distribute various controlled substances.[1]  This Court sentenced Ward to 100 months' imprisonment.[2]  The Court sentenced Ward to a below-Guidelines sentence.

Now, Ward challenges his sentence under 28 U.S.C. § 2255.[3]  Ward contends his counsel was ineffective for failing to file a timely appeal from this Court's judgment.[4]  The Government opposes.[5]  On June 23, 2021, this Court held an evidentiary hearing on the motion.

For the following reasons, the Court **DENIES** Ward's § 2255 motion.

## I.      Background

On November 11, 2018, Kenneth Ward pleaded guilty pursuant to a plea agreement. Under the plea agreement's terms, Ward waived most of his appeal rights.  However, Ward

---

[1] Doc. 21.
[2] Doc. 22.
[3] Doc. 24.
[4] Doc. 24-1.
[5] Doc. 29.

Case No. 1:18-cv-00414
GWIN, J.

reserved his right to appeal "any issues relating to [his] criminal history calculation and or [the] applicability of the career offender designation."[6]  Moreover, Ward retained his right to collaterally attack his conviction for ineffective assistance of counsel.[7]

At Ward's sentencing hearing, Ward's counsel objected to this Court's determination that Ward was a career offender.  Specifically, counsel argued his previous convictions under Ohio's drug trafficking statute did not qualify as controlled substance offenses.[8]  The Court decided otherwise.  Ultimately, Ward did not file a timely appeal and did not challenge this Court's career offender determination in the Sixth Circuit.

Now, Ward challenges his sentence under 28 U.S.C. § 2255.  Ward contends that he told his counsel to appeal and his counsel failed to file an appeal.  Ward argues that his counsel was ineffective and that he is entitled to a delayed appeal.[9]

In response, the government contends that Ward did not ask his counsel to file an appeal.  Moreover, the government argues that Ward's counsel made a strategic decision not to file an appeal and, that in making that decision, counsel's representation did not fall below an objective standard of reasonableness.[10]

To resolve the factual dispute as to whether Ward directed his counsel to file an appeal, the Court held an evidentiary hearing.

At the hearing, Ward's trial counsel, Darin Thompson, testified that following Ward's sentencing, he sent Ward a letter confirming their decision not to file an appeal.[11]  In the

---

[6] Doc. 15 at 6.
[7] Doc. 15 at 6–7.
[8] Docs. 20, 28.
[9] Doc. 24-1.
[10] Doc. 29.
[11] Evidentiary Hearing Draft Transcript at 15, *United States v. Ward*, No. 1:18-cr-00414 (N.D. Ohio filed July 24, 2018).

Case No. 1:18-cv-00414
GWIN, J.

letter, Thompson recalls their discussion of the Sixth Circuit's recent *United States v. Solomon* decision.[12]  As Thompson explained, in *Solomon*, the Sixth Circuit rejected the career offender argument that they had planned to raise on appeal.[13]

Thompson also testified that he and Ward decided not to appeal, in part, because this Court had given Ward a substantial downward variance at sentencing.  Counsel was concerned that if Ward appealed, the government would cross-appeal to challenge this Court's sentence.[14]

Petitioner Ward also testified at the hearing.  According to Ward, he and Thompson never discussed the *Solomon* decision.[15]  Moreover, Ward stated that he never received the confirmatory letter from Thompson.[16]

## II.    Discussion

Under § 2255, a federal prisoner may challenge his conviction for ineffective assistance of counsel.  To establish ineffective assistance of counsel, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that [counsel's] deficient performance prejudiced the defense."[17]  However, if counsel fails to file an appeal that a petitioner specifically directed their counsel to file, then counsel has provided ineffective assistance as a matter of law.[18]

---

[12] Gov. Ex. 1, Letter from Counsel Darin Thompson to Kenneth Ward, Feb. 26, 2019.
[13] Evidentiary Hearing Draft Transcript at 15.
[14] *Id.* at 16.
[15] *Id.* at 12.
[16] *Id.* at 9.
[17] *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).
[18] *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012).

Case No. 1:18-cv-00414
GWIN, J.

In support of his ineffective assistance of counsel claim, Petitioner Ward argues his counsel, Thompson, failed to timely appeal his career offender designation even though Ward told his attorney to appeal.[19]

After the evidentiary hearing, however, the Court does not believe that Ward instructed Thompson to file an appeal.

First, in February 2019, there was good reason to believe that any appeal would be futile and not in Ward's best interest.  On February 13, 2019, the date this Court sentenced Ward, the Sixth Circuit issued its unpublished opinion in *Solomon*.[20]  In that opinion, the Sixth Circuit rejected an argument that Ohio's drug trafficking statute did not qualify for career offender designation[21]—the same argument that counsel was planning to raise in Ward's appeal.  Based on the *Solomon* decision, and this Court's downward variant in Ward's sentence, Thompson determined it best not to appeal.[22]

Moreover, Thompson sent Ward a letter on February 26, 2019, memorializing the conversation he and Ward had regarding Ward's appeal prospects and their decision not to appeal.[23]

Finally, Ward's contrary testimony is not persuasive.  First, regardless of whether Ward actually received Thompson's letter, the document is still strong evidence that Thompson and Ward agreed not to appeal.  Likewise, Ward's testimony that he does not recall discussing his appeal with Thompson holds little weight in light of the other evidence

---

[19] Doc. 24-1.
[20] *United States v. Solomon*, 763 Fed. Appx. 442 (6th Cir. 2019).
[21] *Id.* at 445–449.
[22] Evidentiary Hearing Draft Transcript at 16–17.
[23] Gov. Ex. 1, Letter from Counsel Darin Thompson to Kenneth Ward, Feb. 26, 2019.

Case No. 1:18-cv-00414
GWIN, J.

that the conversation occurred.  Finally, the record does not support Ward's claim in his motion that he made his intent to file an appeal clear during his sentencing hearing.[24]

The Court finds that Ward did not direct Thompson to file an appeal.

Accordingly, Thompson did not provide ineffective assistance of counsel by failing to file an appeal on Ward's behalf.

### III.     Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Ward's § 2255 motion.  Likewise, the Court **DENIES** Ward a certificate of appealability.[25]  Reasonable jurists could not find this court's assessment of Ward's ineffective assistance of counsel claim "debatable or wrong."[26]


IT IS SO ORDERED.


Dated:  August 3, 2021                                         s/      *James S. Gwin*
                                                                              JAMES S. GWIN
                                                                              UNITED STATES DISTRICT JUDGE

---

[24] Doc. 28.
[25] 28 U.S.C.§ 2253(2).
[26] *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).