UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18-cr-00414 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 34] |
| v. | : | |
| | : | |
| KENNETH WARD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Kenneth Ward serves a 100-month sentence for several small-quantity drug transactions. Now, Ward moves through counsel for a sentence reduction under 18 U.S.C. § 3582(c). Because Ward shows exceptional rehabilitation and faces potentially severe COVID complications, and the statutory sentencing factors weigh in favor of release, the Court **GRANTS** Ward's motion for a sentence reduction. The Court reduces Ward's prison sentence to 88 months.

## Background

On November 1, 2018, Kenneth Ward pleaded guilty to nine drug-trafficking counts involving relatively small quantities of crack, powder cocaine, heroin, and fentanyl.[1] In total, Ward's offenses involved 34.78 kilograms converted drug weight.[2]

If this offense had been Ward's first or second drug felony—even after accounting for Reed's Category VI criminal history—the Sentencing Guidelines would have recommended a 47-to-56-month prison sentence.[3] But because Ward committed several prior drug-

---

[1] Doc. 14.
[2] Presentence Investigation Report ¶ 32.
[3] *See* Doc. 28 at 3 (PageID 210); USSG Ch. 5 Pt. A.

Case No. 1:18-cr-00414
GWIN, J.

trafficking felonies, Ward qualified for a career-offender enhancement that roughly tripled the recommended sentence.[4]

Given Ward's difficult childhood and substance-abuse problems, Ward's significant criminal history is perhaps unsurprising. As early as five years old, Ward lived in an environment "filled with violence and drugs."[5] Indeed, Ward's own mother struggled with substance abuse.[6] From age 11 on, Ward was raised by his aunt.[7]

Ward's behavior reflected his environment. His first brush with the law came at age 10, when Ward was convicted of petty theft.[8] At age 15, Ward began abusing marijuana and alcohol.[9] By the time Ward turned 18, he had already been convicted of 11 juvenile offenses and incarcerated for six months.[10]

As an adult, Ward continued to abuse alcohol and marijuana and began abusing molly and ecstasy. From 18 to 35, Ward developed a lengthy criminal record, averaging more than two offenses per year.[11] Except for a 2006 assault charge, though, Ward's adult offenses were nonviolent.[12] And apart from a 1992 felon-in-possession conviction at age 18, Ward has no adult firearms convictions.[13]

Instead, the vast majority of Ward's convictions related to driving while intoxicated or without a license and small-quantity drug possession and trafficking.[14] So, to some extent, "the career offender classification overstates [Ward's] dangerousness."[15] The Court imposed

---

[4] *See* Presentence Investigation Report ¶ 38.
[5] *Id.* ¶ 109.
[6] *Id.*
[7] *Id.*
[8] *Id.* ¶ 43.
[9] *Id.* ¶ 117.
[10] *See id.* ¶¶ 43–53.
[11] *Id.* ¶¶ 54–92.
[12] *Id.* ¶ 81.
[13] *Id.* ¶ 56.
[14] *See id.* ¶¶ 54–94.
[15] Doc. 28-1 at 12.

- 2 -

Case No. 1:18-cr-00414
GWIN, J.

a below-guidelines 100-month sentence.

Now nearing age 50, Ward has been incarcerated for the past five years. During that time, and despite the COVID-19 pandemic, Ward has devoted exceptional effort towards rehabilitation.

## Discussion

Federal inmates seeking a sentence reduction under 18 U.S.C. § 3582(c) must make two showings. First, the inmate must show that extraordinary-and-compelling reasons for early release exist. Then, the inmate must show that the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a) weigh in favor of early release.

**Extraordinary & Compelling Reasons**

Ward says the threat of blood-pressure-and-age-related COVID-19 complications and his exceptional rehabilitation—taken together—give qualifying early-release reasons.[16] The Court agrees.

The government points out that although the CDC includes high blood pressure on its list of COVID-19 risk factors, Ward has received the COVID-19 vaccine. So, the government says, any complications risk does not give extraordinary-and-compelling reason for early release.

The Court disagrees. Certainly, when inmates can access and benefit from vaccines, incarceration during the pandemic alone does not qualify for early release.[17] But Ward's combination of risk factors—including Ward's high blood pressure[18] and age—make it less

---

[16] Ward's pro se sentence-reduction motion also argues that if sentenced today, he would not have received the career-offender enhancement. That argument misunderstands the law, and Ward's counseled reply disclaims it. So, the Court does not reach that issue.
[17] United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021).
[18] *COVID-19: Medical Conditions*, CDC (updated May 11, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/S9TM-SY7R].

- 3 -

Case No. 1:18-cr-00414
GWIN, J.

likely that he receives the vaccine's full benefit.[19] Particularly in light of the recent CDC-reported uptick in COVID-19 cases[20] and the FDA's recommendation that a new vaccine is needed to protect against currently dominant COVID-19 strains,[21] Ward's risk factors help qualify Ward for early release.

Moreover, Ward's risk factors do not stand alone. The Court also considers Ward's exceptional rehabilitation.

Although courts in this Circuit generally cannot consider collectively "grounds for release, none of which independently supports a sentence reduction,"[22] rehabilitation gives an exception. "Congress was emphatically clear that '[r]ehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason.'"[23] Provided rehabilitation does not "serve as a stand-alone reason" for early release, though, this Court may consider post-conviction rehabilitation together with other reasons for release.[24]

Here, Ward has made exceptional rehabilitation efforts. In five years—and despite the COVID-19 pandemic—Ward has completed the BOP's Drug Abuse Education Course, Non-residential Drug Abuse Program, Anger Management Course, and National Parenting Program. Ward has also earned two Career Readiness certifications.

Taken together, Ward's health and rehabilitation give extraordinary-and-compelling reason to reduce Ward's sentence.

---

[19] *Lemons*, 15 F.4th at 751 ("[A] prisoner who is 'unable to receive or benefit from a vaccine' may still be able to show 'extraordinary and compelling reasons' warranting a sentence reduction.").
[20] *COVID Data Tracker*, CDC, https://covid.cdc.gov/covid-data-tracker/#datatracker-home [https://perma.cc/3NSQ-DQ9E] (last visted Aug. 4, 2023) (12.1% increase in COVID hospitalizations).
[21] *Updated COVID-19 Vaccines for Use in the United States Beginning in Fall 2023*, FDA (June 16, 2023), https://www.fda.gov/vaccines-blood-biologics/updated-covid-19-vaccines-use-united-states-beginning-fall-2023 [https://perma.cc/47BK-JQQ8].
[22] *Id.* at 749. *Contra* United States v. Vaughn, 62 F.4th 1071, 1072 (7th Cir. 2023) (citing District of Columbia v. Wesby, 138 S.Ct. 577 (2018)) (declining to adopt a compartmentalized approach when evaluating extraordinary-and-compelling circumstances).
[23] United States v. Hunter, 12 F.4th 555, 572 (6th Cir. 2021) (emphasis added).
[24] *Id.* at 563.

Case No. 1:18-cr-00414
GWIN, J.

**Sentencing Factors**

The Court next considers whether the statutory sentencing factors weigh in favor of early release and finds that they do.

**Defendant's History & Characteristics.**[25] First, Ward's history and characteristics significantly lessen his blameworthiness and weigh in favor of early release. Ward's above-described history and characteristics suggest that much of Ward's criminal conduct was driven first by a difficult childhood environment and then later by substance abuse.

Ward's age also supports a sentence reduction. Ward is nearly 50. Only about 31% of drug-trafficking offenders released between ages 50 and 59 recidivate.[26]

**Offense's Nature & Circumstances.**[27] The offense's nature and circumstances also weigh strongly in favor of early release. Ward's offense involved relatively small quantities—most less than a gram.[28] Indeed, Ward's lengthy guidelines range resulted almost entirely from his criminal history—rather than from quantities involved in the instant offense.

**Penological Needs.**[29] Next, in light of Ward's rehabilitation, the Court finds no remaining penological need for his current sentence. Again, Ward's offense was less serious than his offense level suggests. So, a somewhat shorter sentence still provides just punishment. And although prior incarceration did not deter subsequent Ward offenses, Ward's current sentence is nearly double any prior Ward sentence.

Further, because the career-offender label overstates Ward's dangerousness, the need

---

[25] 18 U.S.C. § 3553(a)(1).
[26] United States Sentencing Commission, Recidivism of Federal Drug Trafficking Offenders Released in 2010, 28 (Jan. 2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220112_Recidivism-Drugs.pdf [https://perma.cc/6C8B-V4SE].
[27] 18 U.S.C. § 3553(a)(1).
[28] Presentence Investigation Report ¶ 32.
[29] 18 U.S.C. § 3553(a)(2).

- 5 -

Case No. 1:18-cr-00414
GWIN, J.

for any incapacitation is minimal. And, Ward's rehabilitation shows that his sentence has already "provide[d him] with needed education [and] vocation training" and "other correctional treatment."[30]

Finally, an 88-month sentence remains a significant sentence.

**Kinds of Sentence & Sentencing Range.**[31] This factor weighs slightly against early release. Ward received a below-guidelines sentence already. And though the career-offender enhancement significantly impacted Ward's guidelines range, Ward properly qualified for the enhancement.

**Avoiding Disparities.**[32] This factor also weighs somewhat against early release. According to the Judiciary Sentencing Information database, similarly situated defendants received, on average, 112-month sentences. So, Ward already serves a below-median sentence.

Although not every factor goes Ward's way, the Court finds that the statutory sentencing factors, taken together, support a shorter Ward sentence.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Ward's motion for a sentence reduction and reduces Ward's sentence to 88 months.

IT IS SO ORDERED.

Dated: August 8, 2023　　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[30] 18 U.S.C. § 3553(a)(2)(D).
[31] 18 U.S.C. § 3553(a)(3) & (4).
[32] 18 U.S.C. § 3553(a)(6).